**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA,**
                **Plaintiff**

                                              **Criminal Action Number**
**v.**                                         **3:00CR-23-J**

**BRUCE G. PECK,**
                **Defendant**

**MEMORANDUM OPINION**

This matter is before the Court on defendant's petition pursuant to 28 U.S.C. Sec. 2255 and on several subsidiary motions. After considering the record and the applicable authority, the Court is of the opinion that defendant's petition pursuant to Section 2255 should be denied.

Mr. Peck has moved to require the United States to produce a very broad range of documents. He has not shown how these materials relate to his Section 2255 challenge, and the motion will be denied. He has also moved to dismiss his counsel of record. This motion is now moot, as the Court has granted counsel's motion to withdraw.

Following a jury verdict, Mr. Peck was sentenced on May 10, 2001. He unsuccessfully appealed his conviction, and the mandate of the United States Court of Appeals for the Sixth Circuit was issued April 11, 2003. In May of 2003, the Sixth Circuit denied his request to recall the mandate. In February of 2004, Mr. Peck filed his petition pursuant to 28 U.S.C. Sec. 2255.

As Mr. Peck is well aware, some confusion was produced by <u>Blakely v.Washington</u>, 524 U.S. ____, 124 S.Ct. 2531 (June 24, 2004). Some courts, including this one, were of the

1

opinion that the <u>Blakely</u> applied to the United States Sentencing Guidelines, while others, including the Court of Appeals for the Sixth Circuit, held a contrary opinion. In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the Supreme Court applied <u>Blakely</u> to the United States Sentencing Guidelines, and ruled that they were advisory only. As Mr. Peck's sentence was enhanced based on factors neither admitted nor found by the jury, it appeared that <u>Booker</u> might require vacation of sentence. The outstanding question was whether <u>Blakely</u> and <u>Booker</u> would be retroactively applicable to Mr. Peck's 2001 sentencing. In <u>Humphress v. United States</u>, the Sixth Circuit ruled that <u>Booker</u> does not apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement. As Mr. Peck's convictions were final as of April 2003, prior to both <u>Blakely</u> and <u>Booker</u>, <u>Booker</u> does not apply to his case.

      The Court previously ruled on several of the grounds presented in the petition, but withheld ruling as to those matters that could be affected by <u>Blakely</u>, and, subsequently, by <u>Booker</u>. Before ruling on these remaining grounds, the court provided Mr. Peck with counsel, and provided the opportunity for supplemental briefing. However, as <u>Booker</u> does not apply to his case, and as Mr. Peck has failed to offer any authority to suggest that his sentence was not proper under the law as it stood as of April 11, 2003, his petition must be denied.

      In view of this ruling, Mr. Peck's remaining motions are dismissed as moot.